**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 25-4350**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

PARIS JAMAL GRAHAM,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:24-cr-00326-TDS-1)

———————————

Submitted:  April 28, 2026                      Decided:  April 30, 2026

———————————

Before WILKINSON and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Benjamin David Porter, MORROW PORTER VERMITSKY & TAYLOR PLLC, Winston-Salem, North Carolina, for Appellant.  Clifton T. Barrett, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paris Jamal Graham pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). The district court sentenced Graham to 120 months' imprisonment and three years of supervised release. On appeal, Graham's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning the constitutionality of §922(g) following *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. 1 (2022). Although informed of his right to do so, Graham has not filed a pro se supplemental brief. The Government has declined to file a response brief. We affirm.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. The *Bruen* challenge raised in the *Anders* brief is foreclosed by binding precedent. *United States v. Hunt*, 123 F.4th 697, 702-08 (4th Cir. 2024) (finding that §922(g)(1) convictions are not susceptible to facial or as-applied challenges under the Second Amendment). Further, we conclude that Graham's guilty plea was knowing and voluntary and that his within-Guidelines sentence is procedurally and substantively reasonable.

We therefore affirm the district court's judgment. This court requires that counsel inform Graham, in writing, of the right to petition the Supreme Court of the United States for further review. If Graham requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

2

withdraw from representation.  Counsel's motion must state that a copy thereof was served on Graham.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*